PER CURIAM.
Appellants, Warren Johnson, Joseph Baruch and Carolyn Baruch, seek reversal of a final judgment for mandatory injunction requiring removal of a dock constructed by them on the intracoastal waterway.
Both appellants and appellees, Vincent Tlush, Claudette Guinn and William Eaton, are, or were, property owners in the platted subdivision of Rolling Hills, located in Martin County, Florida. A portion of the plat is set forth in footnote one at the end of this opinion. Appellees’ lots abut the intra-coastal waterway. Johnson owned lot 32, which he sold to the Baruchs. However, lot 32 is not a waterfront lot; it abuts Parcel 1, a park, which, in turn, abuts the waterway. Prior to selling to the Baruchs, Johnson had planned to build a dock on the waterway for his own private use, and permits had been obtained from the various governmental agencies authorizing its construction. In order to obtain the permits Johnson had prevailed upon the Rolling Hills Property Owners Association to grant him an easement over parcel 1 for access to and from the dock.
The developer of Rolling Hills subdivision executed a Declaration of Covenants and Restrictions which created the Rolling Hills Property Owners Association. Article IV, Section 1, and Article VII, Section 15, of the Declaration required the developer to convey the common properties to the Association. Although a deed was never executed, the Association has paid the taxes on the common properties.
Under Article IV, Section 2, every property owner had the right to ingress and egress over the common properties. Section 3(d) subjects the easement’s use “to the powers of the Association set forth in its Articles and Bylaws and the reasonable rules and regulations governing the use of such property.” Article XI pertains to parcel 1 and provides as follows:
Parcel 1, a park, shall not be used as a picnic area and no building or structure shall be constructed thereon by the Association or the Developer. The Association may in its discretion approve park benches or dock facilities. Motorized vehicles of any kind shall not be allowed in the park.
As completed by Johnson, the dock is five feet wide and extends eighty feet into the waterway. Both parties’ experts testified the dock encroaches within the platted boundaries of parcel 1.
The Amended Complaint named only Johnson and the Baruchs as defendants. Therefore, appellants moved to dismiss for failure to join, as indispensable parties, the Rolling Hills Property Owners Association. In its final judgment the trial court held that the Association owned equitable title to parcel 1; that said parcel was “a common property of all owners of lots” in the subdivision. It held further that, by virtue of their property ownership in the subdivision, the plaintiffs had standing to contest the legality of action by the directors of the Association in granting appellants an easement over parcel 1 for access to the dock; that appellants had no authority to build a private dock abutting parcel 1 since any such improvement violates the rights of *1025 other property owners such as appellees. Thus, the court issued a mandatory injunction and ordered the dock removed.
Unquestionably the Property Owners Association would have been a proper party in this suit since issue was joined at least to some extent over the efficacy of acts of the directors of the Property Owners Association. However, we do not believe the Association was an indispensable party precluding judgment without its joinder. Tangentially at issue was the authority of the Association to grant appellants an easement over parcel 1 for access to the dock that extended from parcel 1 into the waterway. But whether the Association possessed such authority is really immaterial because all property owners in the subdivision had rights of access to and across the park, which is parcel 1. Thus, the easement granted appellants nothing they did not already possess and the judgmental reference to this act of the directors was unnecessary and can be treated as surplusage. More to the point, there is no authority for appellants to construct a dock on the waterway abutting parcel 1, which is owned by the Association for the use and benefit of all the property owners. As found by the trial court, construction of this private dock violated the riparian rights of all of the other Rolling Hills property owners, giving them standing to enforce the covenants and restrictions imposed by the developer for the benefit of all. Therefore, while the judgment has no prejudicial effect upon the Association, it is good against appellants, and the record supports its mandatory requirements.
Accordingly, the judgment appealed from is affirmed.
DOWNEY, LETTS and HURLEY, JJ., concur.
*1026 APPENDIX